Filed 11/19/14  P. v. Regalado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DANNY REGALADO,<br><br>     Defendant and Appellant. | C075665<br><br>(Super. Ct. No. 62116002) |

Appointed counsel for defendant Danny Regalado has asked us court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

**BACKGROUND**

On May 4, 2012, at around 10:00 p.m., witness Jeff Summers was driving on Auburn-Folsom Road and saw an sport utility vehicle (SUV), going "a lot faster" than Summers' car, pass him, hit the center divider, drive into the opposite lanes, and

1

disappear. When he stopped to investigate, he realized there was something moving and making noise in the ravine bordering the road. He called 911.

California Highway Patrol Lieutenant David Qualls investigated the accident and found the SUV in the ravine. He saw a badly injured man, later identified as Zachary Emery, unconscious on the ground approximately 10 feet from the driver's side of the vehicle. Qualls then saw defendant, also unconscious, "seated in the driver's seat with his feet underneath the dashboard down by the pedals." Qualls went back to his car and called for an ambulance. When Qualls returned to the SUV, defendant was conscious and trying to get out of the vehicle; Qualls did not notice if defendant was wearing a seat belt. Defendant was obviously injured and confused about where he was, and he smelled like alcohol.

Firefighter Joseph Vincent was one of the first emergency responders to arrive on the scene. He remembered defendant was in the driver's seat of the SUV. Defendant had "blood on his face, blood all over."

The SUV suffered "very significant roll-over damage to the whole vehicle." California Highway Patrol Officer Michael Terry concluded the vehicle went too fast around a curve, causing the driver to lose control, cross over the median, and roll over and down the embankment. The SUV was registered to Anna Regalado. Anna shared the same address as Emery; defendant had a different address.

Terry spoke with defendant at the hospital. During their conversation, defendant's statements were "widely ranging." Defendant said he did not know why he was in the hospital or how he got there. Defendant also said "nobody was driving" the SUV, and then said he would not drive it because he never drives. Defendant also told Terry he was in the passenger seat with his seat belt on; Terry saw no seat belt abrasions on defendant. Defendant admitted to Terry that he was drunk. He also said he only drank two to three beers at a bar with Emery, and that he did not remember anything after the bar.

2

Based on this and additional investigation, Terry concluded defendant was the driver, arrested him, and caused a blood sample to be taken. At trial, a criminalist testified that defendant's blood sample reflected a blood-alcohol content of 0.23. The criminalist opined that, in order to reach this result, a male of defendant's approximate size would have to have consumed over 10 beers. Assuming defendant stopped drinking at 9:30 p.m., defendant's blood-alcohol content would have been 0.28 percent at the time of the accident. A person whose blood-alcohol content was at that level would be physically and mentally impaired, and unable to drive safely.

Defendant testified at trial. He admitted drinking that evening with Emery, but said Emery was driving. Defendant remembered that they each drank three or four beers at a bar in Folsom. He did not remember leaving the bar and did not remember the crash.

The jury found defendant guilty of driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)),[1] driving with a blood-alcohol level of 0.08 percent or higher causing injury (§ 23153, subd. (b)), and the special allegation of driving with a blood-alcohol level of at least 0.20 percent (§ 23156, subd. (b)(4)). It acquitted him of inflicting great bodily injury on Emery.

The trial court suspended imposition of judgment and sentence, placed defendant on five years of probation, and ordered him to serve 210 days in county jail. The trial court also awarded defendant 72 days of custody credit and ordered him to pay various fines and fees. The court's orders were memorialized in a written order of probation, which defendant signed to acknowledge having received and read a copy of the order and agreeing to be bound by its terms.

---

[1] Further undesignated statutory references are to the Vehicle Code.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        DUARTE          , J.



We concur:



      NICHOLSON      , Acting P. J.



      HOCH          , J.